**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

ALVARO ROBERTO HUINIL DIAZ,    )
                               )
                 Petitioner,   )
                               )
-vs-                           )    NO. CIV-26-0104-HE
                               )
KRISTI NOEM, in her official capacity )
as Secretary, U.S. DEPARTMENT OF )
HOMELAND SECURITY, et al.,     )
                               )
                 Respondents.  )

## **ORDER**

Petitioner Alvaro Roberto Huinil Diaz seeks a writ of habeas corpus to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).  According to the petition, Mr. Diaz is a citizen of Guatemala who has resided in the United States for over 24 years.  He indicates he was apprehended by ICE officers while dropping his children off at school.  He also indicates previous removal proceedings were administratively closed in 2016.  In accordance with a Department of Homeland Security policy, petitioner was subjected to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), without any eligibility for a bond hearing.  He is currently housed in the Kay County Detention Center in Newkirk, Oklahoma.

On January 21, 2026, petitioner filed his petition pursuant to 28 U.S.C. § 2241, claiming his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), rather than pursuant to 8 U.S.C. § 1226(a), which provides for a bond hearing, violates the Immigration and Nationality Act and the Fifth Amendment due process clause.  Petitioner requested

release from custody, or alternatively, a bond hearing pursuant § 1226(a).  Petitioner also requested that if the court orders a bond hearing under § 1226(a), it order the immigration judge consider his ability to pay, alternatives to detention, and not impose a bond amount that results in continued detention based solely on indigence, claiming the Fifth Amendment due process clause requires it.  As directed, the federal respondents filed a response to the petition and petitioner filed a reply.  The matter is at issue.

In their briefing, respondents acknowledge this court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641 (W.D. Okla. Jan. 13, 2026), and similar rulings by other judges in this district [Doc. #9, ECF p. 8, n. 2, citing cases], concluding that § 1226(a) rather than § 1225(b)(2)(A) governs petitioner's detention.  However, respondents also acknowledge rulings by two judges in this district that have adopted their position, *id*., and reassert that position to preserve issues for subsequent review.  The court is also cognizant of a recent ruling by the Fifth Circuit Court of Appeals in Buenrostro-Mendez v. Bondi, ___ F.4th ___, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which agrees with respondents' position.  Upon review, the court declines to reconsider its prior ruling.[1] The conflicting decisions of the judges in this district and elsewhere, and the 2-1 decision in Buenrostro-Mendez, make clear that strong arguments support both statutory readings of the parties.  However, absent binding authority to the contrary, the court remains

---

[1] *In its briefing, respondents raise a jurisdictional argument not specifically addressed in Ramirez Rojas – the court lacks jurisdiction to consider petitioner's statutory argument because 8 U.S.C. §§ 1252(a)(5) and 1252(b)(9) channel claims related to removal orders to the appropriate court of appeals.  For the same reasons stated in Perez v. Grant, Case No. CIV-25-1560-R, 2026 WL 315065, at 1 (W.D. Okla. Feb. 5, 2026), the court rejects that argument.*

persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district and the Seventh Circuit Court of Appeals in <u>Castanon-Nava v. U.S. Department of Homeland Security</u>, 161 F.4th 1048, 1060-62 (7th Cir. 2025).  Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus [Doc. #1] is **GRANTED in part**. Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.  Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 24th day of February, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] *In light of the court's determination that § 1226(a) governs petitioner's detention, it is unnecessary to address his Due Process claim.  Further, the court declines to consider in advance issues which might arise as to the manner in which the bond hearing is conducted.*

3